09-3367-ag
Wang v. Holder

BIA
Abrams, IJ
A098 719 523

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 3rd day of June, two thousand ten.

PRESENT:

> JON O. NEWMAN,
> REENA RAGGI,
> PETER W. HALL,
>   *Circuit Judges*.

_____

DIAN-YING WANG,
        *Petitioner*,

        v.                                09-3367-ag
                                          NAC
ERIC H. HOLDER, JR., UNITED STATES
ATTORNEY GENERAL,
        *Respondent*.

_____

FOR PETITIONER:        Gary J. Yerman, New York, N.Y.

FOR RESPONDENT:          Tony West, Assistant Attorney
                         General; James A. Hunolt, Senior
                         Litigation Counsel; Craig A. Newell,
                         Jr., Trial Attorney, Office of
                         Immigration Litigation, Civil
                         Division, United States Department
                         of Justice, Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED in part and DISMISSED in part.

Petitioner Dian-Ying Wang, a native and citizen of the People's Republic of China, seeks review of a July 13, 2009 order of the BIA affirming the October 29, 2007 decision of Immigration Judge ("IJ") Steven R. Abrams, denying petitioner's application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Dian-Ying Wang*, No. A098 719 523 (B.I.A. July 13, 2009), *aff'g* No. A098 719 523 (Immig. Ct. N.Y. City Oct. 29, 2007). We assume the parties' familiarity with the underlying facts and procedural history of the case.

Under the circumstances of this case, we review the decision of the IJ as supplemented by the BIA. *See Yan Chen v. Gonzales*, 417 F.3d 268, 271 (2d Cir. 2005). The applicable standards of review are well-established. *See Corovic v. Mukasey*, 519 F.3d 90, 95 (2d Cir. 2008); *Salimatou Bah v. Mukasey*, 529 F.3d 99, 110 (2d Cir. 2008).

## I.  Asylum

Substantial evidence supports the IJ's adverse credibility determination. First, we afford particular deference to the IJ's finding that Wang's demeanor undermined his credibility. *See Majidi v. Gonzales*, 430 F.3d 77, 81 n.1 (2d Cir. 2005).

In addition, Wang's testimony that the members of his underground church were forced to relocate constantly to avoid police detection was contradicted by his later testimony that his church held meetings at his home for six months. Wang does not challenge the IJ's finding, which

stands as a valid basis for the IJ's adverse credibility determination. *See Shunfu Li v. Mukasey*, 529 F.3d 141, 146 (2d Cir. 2008). Moreover, as the IJ found, Wang: (1) testified implausibly that he did not know his parents' address or how to find their house, despite testifying that he had visited them at their home, continued to speak to them on the phone, and had asked his father to write a letter for his hearing; (2) testified implausibly that despite his parents having moved to Fuzhou City, his father's letter was sent from Wang's address in Kemen Village; and (3) testified inconsistently that his church only met on Sundays and that the police raids occurred on Sundays, when the dates Wang provided for the raids were both Thursdays. Although Wang argues that he adequately explained these first two discrepancies, a reasonable factfinder would not have been *compelled* to credit his explanations. *See Majidi,* 430 F.3d at 80-81. Furthermore, the IJ did not place undue weight on his inconsistent testimony. *See Xiao Ji Chen v. U.S. Dep't of Justice*, 471 F.3d 315, 342 (2d Cir. 2006) (providing that the weight afforded to an applicant's evidence in immigration proceedings lies largely within the discretion of the IJ). Finally, Wang failed to submit sufficient corroborative evidence to rehabilitate his testimony. *See Biao Yang v. Gonzales*, 496 F.3d 268, 273 (2d Cir. 2007) (per curiam).

As Wang asserts, the agency erred in finding that he provided inconsistent testimony regarding where he last lived in China. Remand would be futile, however, because the IJ's broader credibility determination is amply supported by the record, and we can confidently predict that the agency would reach the same credibility determination absent this error. *See Xiao Ji Chen*, 471 F.3d at 335.

Because we find the IJ's adverse credibility determination to be adequately supported, we need not reach the agency's alternate burden of proof findings.

## II. Withholding of Removal and CAT Relief

To the extent Wang's petition to this Court challenges the IJ's denial of his request for withholding of removal and CAT relief, we are without jurisdiction to consider these arguments as he failed to exhaust these claims before

3

the BIA. *See* 8 U.S.C. § 1252(d)(1); *Karaj v. Gonzales*, 462 F.3d 113, 119 (2d Cir. 2006). To that extent, therefore, we dismiss the petition for review.

For the foregoing reasons, the petition for review is DENIED in part and DISMISSED in part. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk